### MOORE v O'DELL

Common Pleas Court, Pike Co.

No. 3953. Decided June 30, 1939.

G. W. Rittenour, Piketon, for plaintiff-appellee.

Earl D. Parker, Waverly, for defendant-appellant.

## OPINION

By DAVIS, J.

There is only one question in this case for review—did the Justice of the Peace Court of George N. Leist in and for Seal Township, Pike County, Ohio, have jurisdiction over the person of George O'Dell, the defendant-appellant in this case? The answer to that question depends upon the answer to another—was C. E. Bond, admittedly the only Justice of the Peace residing in the township of the appellant's residence (an adjoining township), "interested in the controversy" within the meaning of §10225, GC? If so, Squire Leist's court had jurisdiction over the appellant's person and the judgment of his court will be affirmed; otherwise, not.

Plaintiff-appellee, through his attorney, prepared and mailed to Justice of the Peace Bond a bill of particulars for filing. Bond returned said Bill of Particulars unfiled to appellee's attorney with a letter, dated July 8, 1938, stating his reasons for returning the bill without filing it. (All pleadings and Bond's letter are among the original papers on file in this case.). Editor's Note: A copy of this letter will be found at the end of this opinion.

Appellee regarded and construed Squire Bond's action and his letter in returning the bill of particulars as evidencing interest in the controversy, and some two months thereafter filed a new bill of particulars in the Justice of the Peace Court of Squire Leist in Seal Township, an adjoining township, under favor of §10225, GC. Personal service upon the appellant was had in the township of his residence, to-wit: Scioto. Appellant made a special appearance only in Squire Leist's court to object to the jurisdiction of the court over his person. His motion was overruled on two grounds: (1) Squire Bond was interested in the controversy, and (2) appellant was neither a householder nor a freeholder in Scioto Township. Appellant took exceptions to Squire Leist's judgment on his motion and then did not appear for a hearing on the merits of the case. Judgment was granted appellee by default, and appellant is now in this court appealing from the judgment of Squire Leist's court overruling his motion to dismiss on the jurisdictional ground.

Counsel for appellant argues in this court that Squire Bond's action and letter in returning appellee's bill of particulars unfiled did not show that he was "interested in the controversy" within the meaning of §10225, GC, contending that "interested" as there used means having a direct pecuniary interest, of which kind of interest there is no indication in the record of this case. He submits that in this case ap-

pellee must have persuaded or compelled Squire Bond to file his bill of particulars and then if appellee believed Squire Bond unfit for any reason to hear the case, appellee must then and there have removed said case from Squire Bond's court for bias and prejudice, as provided for in §13433-19.

Sec. 10225, GC in its pertinent part reads as follows:

"Except as provided in the next preceding section no householder or freeholder of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except in the cases following: * * *.

" When the only justice residing therein is interested in the controversy.

When * " * there is no justice in the township competent to try the cause in the foregoing excepted cases the action may be brought before any justice of an adjoining township of the same county. The justice must state on his docket the reason for his taking jurisdiction * * *."

Sec. 13433-19, GC in its pertinent part reads as follows:

"When a magistrate or a judge of a court inferior to the Court of Common Pleas is interested in a cause pending before him, or is related to or has a bias or prejudice either for or against a party to such cause or its counsel, or is otherwise disqualified to sit in such cause, on the filing of an affidavit of such party or his counsel setting forth the fact of such interest * * * the clerk of such court shall enter the filing * * * then a judge of the Court of Common Pleas of such county shall proceed without delay to examine into said affidavit and if he finds from all the evidence that such interest * * * exists, he shall designate another magistrate of such township or county * * * to hear and determine said cause * * *.

This section shall apply to criminal and civil proceedings."

This court cannot subscribe to that argument. It is true that in most of the reported cases wherein "interest", as here used, has been defined that it has been held to mean a pecuniary or material interest, rather direct in nature; but so few cases on this question are reported (conclusive proof of which is the fact that the attorneys in this case have offered and cited none for the enlightenment of the court) that it can hardly be said that the proper and correct meaning of the word "interested", as used in §10225, has been determined to be so strict and narrow.

Webster's dictionary defines "interest", as here used, as follows: "concern, or the state of being concerned * * *". The same dictionary defines "interested", as here used: "having an interest; having a share or concern in some project or affair; involved; liable to be affected or prejudiced; not disinterested".

Bouvier's Law Dictionary, Volume 2 at page 1649, defines the word "interest", as here used: "concern, advantage, benefit". At page 1712 of the same volume on the subject of what interest disqualifies a trial judge is found: "Impartiality is the first duty of a judge; if he has any (the slightest) interest in the cause, he is diqualified from sitting as a judge."

It seems to this court that the real purpose and intent of that part of §10225, GC, here in question is to provide for every prospective plaintiff a fair and impartial trial before a disinterested court. It would also seem that the real purpose and intent of §13433-19 is to guarantee to every defendant a fair and impartial trial before a disinterested court, and also to provide the same for a plaintiff who discovers after the filing of his suit conditions in the court where suit is filed which would likely prevent him from having a fair and impartial trial before a disinterested court. This court

feels that Squire Bond ▮▮▮▮▮ clearly indicated and evidenced "interest", that is concern, lack of disinterestedness, in this controversy and was, therefore, unfit and incompetent to fairly hear and determine this cause. Since plaintiff ascertained that to be the case before his suit was filed in Bond's Court, it was certainly his privilege and ▮▮▮▮▮ right to adopt the most practical and shortest method in order to have a fair and impartial trial, which he did. It would have been a futile thing for the appellee to persuade or force a filing of his case in Squire Bond's court and then immediately, for reasons known before the filing, file an affidavit asking a removal from the court in which he had just persuaded and caused a filing. This court will not be so technical in its review of the proceedings of the justice of the peace courts as to interpret a statute and decide a case in such a way that an unfair and unjust and an unreasonable conclusion will result.

Both parties to this case were entitled to a fair and impartial trial. The plaintiff-appellee, pursuant to law and without reason to the contrary, attempted to have such a trial in the township of the defendant's residence. On finding the township's only Justice (Bond) interested in the controversy, in his opinion, he filed in an adjoining township. If the defendant-appellant did not believe he could have a fair and impartial trial on the merits in Squire Leist's court, he could have availed himself of the provisions of §13433-19, hereinbefore set forth, and by so doing, made sure of a fair and impartial trial on the merits; but he did not do that, neither did he submit to a trial on the merits in Squire Leist's court; but instead he stood on what he believed to be his technical, legal rights and by so doing, took the chance of losing forever an opportunity for a trial on the merits of the case. Although the decision of this court on the appeal, if not reversed, means that the defendant-appellant will not have

the merits of this case heard, nevertheless, that was and is his fault and not the plaintiff-appellee's; appellant chose to gamble with that right.

The integrity of the courts should be maintained to the end that all persons will know that they can have fair and impartial determinations of their controversies before the courts. To fully accomplish that result, §10225, GC, should be and is by this court herein liberally and not strictly construed.

This court feeling that Squire Bond was "interested in the controversy", concludes that the Justice ▮▮▮▮▮▮ tice of the Peace Court of Squire Leist did have jurisdiction over the person of the defendant-appellant, and there being no other error apparent in the record of this cause, the judgment of Squire Leist's court will be affirmed.

### LETTER FROM JUSTICE BOND

Wakefield, Ohio, July 8, 1938

Will, I wouldn't have you believe my judgment premature in this case, but the information I have is that George is paying $100.00 per month alimony. This seems to me sufficient. Don't you think she should be able to take care of all her bills if this be true. One hundred dollars is more than George can stand, besides he is going away to school and service could not be had for sime time anyway.

Yours truly,

C. E. Bond

P. S. Will see you later.